# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURACK D. BRAY,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et. al.,<br><br>    Respondent. | Case No. CV 22-2762-SSS (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

 Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.

 Petitioner, a misdemeanant convicted in California state court, filed the instant habeas petition (the "Petition") pursuant to 28 U.S.C. § 2254. [Dkt. 1 at 6, 8-9, 11]. Respondents filed a motion to dismiss, arguing in part that Petitioner's petition should be dismissed for failure to exhaust his claims in state

court. [Dkt. 12]. In her Report and Recommendation, the Magistrate recommended granting Respondent's motion to dismiss. [Dkt. 30]. Petitioner now objects to the Magistrate's Report and Recommendation on both procedural and substantive grounds.

As an initial matter, the Court rejects Petitioner's procedural arguments concerning (1) Respondent's failure to comply with Local Rule 7-4 [Dkt. 34 at 2, 3] and (2) Petitioner's assertion that the Magistrate improperly "suggested and taught litigation strategy to Respondent's counsel" [Dkt. 34 at 3, 4] for the reasons already provided in the Report and Recommendation. [*See* Dkt. 33 at 5, 6].

Next, Petitioner contends that the Magistrate erred in concluding that some or all of the claims raised in his petition had not been exhausted. Under 28 U.S.C. § 2554(b)(1)(A), a habeas petitioner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order to satisfy this exhaustion requirement, a habeas petitioner must "fairly present" each of his federal claims to the highest state court with jurisdiction to consider them. *Duncan v. Henry,* 513 U.S. 364, 365 (1995) (per curiam). He may make this presentation either by direct appeal or state habeas petition.

A misdemeanant seeking to exhaust his claims via direct review must first appeal his Superior Court conviction to the corresponding appellate division. If the appellate division affirms, the misdemeanant must then request that his case be certified for transfer to the California Court of Appeal. If the appellate division grants certification but the Court of Appeal denies the transfer, the misdemeanant's claims are deemed exhausted. *McGonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015) (en banc). If the appellate division denies certification, the misdemeanant must instead petition the Court of Appeal

| | |
|---|---|
| 1 | directly.  His claims are exhausted once the Court of Appeal denies his petition. |
| 2 | *Id.* |
| 3 | Here, after Petitioner's misdemeanor conviction in Los Angeles County |
| 4 | Superior Court, he appealed to the proper appellate division.  But once the |
| 5 | appellate division affirmed his conviction, Petitioner neither requested |
| 6 | certification of his appeal nor filed a direct petition.  Petitioner therefore failed |
| 7 | to pursue direct review to the extent required for exhaustion.  *See Nilsen v. Lake* |
| 8 | *Cnty. Superior Ct., App. Dep't,* No. 93-15760, 2020 WL 4701094 at *2 (N.D. |
| 9 | Cal. Aug. 13, 2020). |
| 10 | Alternatively, to exhaust his claims via state court habeas review, a |
| 11 | petitioner must present each in a context which allows the court to reach the |
| 12 | merits.  *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994).  Before filing the |
| 13 | instant Petition, Petitioner filed two habeas petitions with the California |
| 14 | Supreme Court.  The first was rejected as untimely and so does not constitute a |
| 15 | decision on the merits sufficient to exhaust.  *See Davis v. Adams*, No. 93-15760, |
| 16 | 2010 WL 1408290 at *2 (C.D. Cal. Mar. 3, 2010).  Petitioner's second habeas |
| 17 | petition was accepted for filing but addressed only a subset of the federal |
| 18 | constitutional issues Petitioner now raises before this Court.  As such, |
| 19 | Petitioner's entire Petition is subject to dismissal as "mixed" (containing both |
| 20 | exhausted and unexhausted claims).  *See Rose v. Lundy*, 455 U.S. 509, 522 |
| 21 | (1982). |
| 22 | In light of the *de novo* evaluation set forth above, the Court concurs with |
| 23 | and accepts the findings and conclusions of the Magistrate Judge. |
| 24 | **IT IS ORDERED** that Judgment be entered denying the Petition and |
| 25 | dismissing this action without prejudice. |
| 26 | /// |
| 27 | /// |
| 28 | /// |

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

Dated: February 8, 2023

_____
SUNSHINE S. SYKES
United States District Judge